UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDY WALTER, et al.,

    Plaintiffs,

v.                                              Case No.  8:07-cv-1129-T-24TGW

02HR, LLC and
02HR SAVINGS PLAN f/n/a
Spectrum HR 401(k) Savings Plan,

    Defendants,
_____/

## **ORDER**

This cause comes before the Court on Defendants' Motion for Sanctions.  (Doc. No. 69). Plaintiff opposes the motion.  (Doc. No. 74).

The Court ordered the parties to participate in mediation.  (Doc. No. 22).  Defendants appeared at the mediation, but Plaintiff Andy Walter did not.  (Doc. No. 66).  Walter's counsel appeared at the mediation in person, and Walter attempted to participate by telephone.  (Doc. No. 66).  Since Walter did not attend in person, Defendants declined to proceed with the mediation.  (Doc. No. 66).  Thereafter, Defendants filed the instant motion for sanctions due to Walter's failure to appear at the mediation in person.

Walter responds that "his physical presence was not needed."  (Doc. No. 74, p. 3). Additionally, he states that he had already traveled from Alabama to Tampa for his deposition and would have to take off work in order to attend the mediation in person.  (Doc. No. 74, p. 4). Further, he states that the fact that he was not physically present is "irrelevant."  (Doc. No. 74, p. 5).  Finally, Walter contends that he should be the one seeking sanctions, because Defendants made the unilateral decision to end the mediation.  (Doc. No. 74, p. 5).

Apparently, Walter and his counsel must believe that Local Rule 9.05(c) does not apply to them. Rule 9.05(c) states:

> Unless otherwise excused by the presiding judge in writing, all parties . . . shall be present at the Mediation Conference with full authority to negotiate a settlement. Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court

M.D. Fla. Local Rule 9.05(c). Walter has not explained why his conduct has not violated this Local Rule.

Accordingly, the Court finds that sanctions are appropriate and will order Walter to pay the entire cost of the mediation, the cost of Defendants attending the mediation, and the cost of preparing the motion for sanctions. The Court will impose the sanctions jointly on Walter and his counsel, since counsel should not have facilitated Walter's failure to appear in person at the mediation without Court permission.[1] Additionally, the Court orders the parties to mediate again, this time with Walter attending in person at the mediation, and the cost of this mediation will be split by the parties.

The Court notes that former Plaintiff Dave Curbello should have been at the mediation, since there was a pending motion for attorneys' fees asserted against him. (Doc. No. 51). However, the Court understands that it was not entirely clear that his presence was required, since he was no longer a plaintiff in the case at the time of the mediation. As such, the Court declines to sanction Curbello but will order him to attend the next mediation in person.

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendants' Motion for Sanctions (Doc. No. 69) is **GRANTED**.

---

[1] Counsel knew that Walter did not intend to attend the mediation in person, so counsel asked the mediator for a phone number that Walter could use to call in and participate by phone.

(2) The Court imposes sanctions on Walter and his counsel, jointly, in the form of paying the entire cost of the failed mediation, the costs of Defendants attending the failed mediation, and the cost of preparing the motion for sanctions.

(3) The parties are directed to confer in an attempt to resolve the amount of the sanctions without Court intervention. However, if the amount cannot be resolved, Defendants are directed to file a motion for attorneys' fees and costs by June 20, 2008.

(4) The Court orders the parties to mediate again, by July 16, 2008, this time with Walter and Curbello both attending the mediation in person.

(5) Walter is directed to inform the Court, in writing, by June 16, 2008 the date of the parties' mediation and the mediator that the parties have selected.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of June, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record